UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERIC V. CHEFFEN | ) | CIVIL ACTION: 2016 NOV 23 P 12:08 |
| | ) | |
| VERSUS | ) | SECTION: |
| | ) | |
| OFS, Inc. in its official capacity | ) | MAGISTRATE: 16-16577 |
| Michelle Falgout, officially | ) | |
| CHEVRON OIL COMPANY, officially | ) | |
| PACKARD PIPE TERMINALS, LLC | ) | |
| in its official capacity | ) | SECT. B  MAG. 1 |
| TRAVELER CASUALTY & SURETY | ) | |
| COMPANY in its official capacity | ) | |
| Michelle Broome, officially | ) | |
| JEFFERSON ORTHROPEDIC CLINIC | ) | |
| Dr. Wesley Clark, officially | ) | |
| | ) | |
| FILED:_____, 2016 | ) | _____ |
| | | CLERK OF COURT |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PETITION FOR DAMAGES AND REQUEST FOR TRIAL BY JURY**

I.

JURISDICTIONAL AUTHORITY

The court has jurisdiction to hear and decide this case or controversy pursuant to 28 U.S.C. § 1331, because the issues involves the U.S. Constitution and laws of the United States. Pursuant to 28 U.S.C. § 1343, because this action involves issues under civil right statutes. The court pendent jurisdiction is invoked pursuant to 28 U.S.C. § 1367 because of statutory law of the state of Louisiana.

II.

VENUE

Venue is proper pursuant to 28 U.S.C. § 1391, as the events complained of occurred within the judicial district of this court.

III.

PARTIES

1. Eric V. Cheffen is a person of full age of majority and domicile in the Parish of Orleans.

2. OFS, Inc. is a domestic corporation authorized and doing business in the state of Louisiana.

3. Michelle Falgout is a person of full age of majority and function in a managerial capacity for OFS, Inc.

4. Chevron Oil Company is a foreign corporation authorized and doing business in the state of Louisiana.

5. Packard Pipe Terminal, LLC is a domestic corporation authorized and doing business in the state of Louisiana.

6. Travelers Casualty and Surety Company is a foreign insurance business authorized and doing business in the state of Louisiana.

7. Michelle Broome is a person of full age of majority and Claim case Manager for Travelers Casualty and Surety Company.

8. Jefferson Orthopedic Clinic an unregistered as a corporation in the state of Louisiana with Louisiana Secretary of State office.

9. Dr. Wesley Clark a person of full age of majority and Orthopedic surgeon at Jefferson Orthopedic Clinic.

...

IV.

## NATURE OF THIS ACTION

This action is brought pursuant to U.S. Constitution 14th Amendment, 42 U.S.C. §§§ 1981, 1983 and 1985(3). This action ensues state action involving Occupational Safety and Health Act (OSHA) Abuse of Process, Abuse of Rights, Civil Conspiracy, Negligence, Intentional Fraudulent Concealment, Intentional Infliction of Emotional Distress, Continuing Tort and statutory violations under Louisiana civil code articles 2315, 2316 and 2320.

V.

## STATEMENT OF THE CASE

1. Plaintiff is an African American, who engaged in protective activity while performing in the course and scope of his job duties for his employer OFS, Inc.
2. OFS, Inc. employed Eric V. Cheffen to function in a labor capacity aligning and stacking pipes on racks at Packard Pipe Terminal, LLC.
3. Plaintiff avers that, OFS, Inc., Packard Pipe Terminal, LLC and Chevron Oil Company was engaged in a joint-venture hauling and shipping materials utilized for oil production.
4. On September 29, 2016, Dr. F. Allen Johnston with the assistance of Paul W. Piccione, PA-C performed surgical procedures on Eric V. Cheffen preoperative diagnosis for Chronic right knee pain status post right knee arthroscopy in April 2015, and Medial meniscus tea.

5. Surgical procedure postoperative diagnosis status post right knee arthroscopy on April 24, 2015, detected Chondral facture to the trochlear groove, Grade 3 chondromalacia of patella, Grade 2/3 chondromalacia of medial femoral condyle and Synovitis.

6. Plaintiff medical conditions were undisclosed or concealed from him by all defendants entities, medical professional, management and staff with a duty to inform him of his status.

7. Plaintiff is currently undergoing rehabilitation therapy to recover from injuries sustained on March 25 2015, because of the methods of operation of the employer-employee relationship.

8. Prior to sustaining bodily injuries, plaintiff informed his immediate supervisor, Chevron and Packard Pipe Terminal's, Superintendants, Foremans or Supervisors that pipes aligned on the racks were improperly sealed.

9. Plaintiff avers that, his immediate supervisor, after consulting with management of Chevron and Packard Pipe Terminal, instructed him to continue working with knowledge of the excess width of the pipes or unsafe conditions.

10. Plaintiff avers that, his immediate supervisor insisted and worked with him during the time he sustained his injury knowing the danger of working under the unsafe condition.

11. On March 25, 2015, plaintiff while performing in the course and scope of his job duties as instructed and agreed by defendants OFS, Inc., Chevron and Packard Pipe Terminal LLC authorities overseeing the job task, stepped backward to secure pipes when the pipes shifted causing him to fall.

12. Plaintiff reported the incident to OFS, Inc. office management, Michelle Falgout and his immediate supervisor, who was working with him at the time of the injury, but no action

was taken by OFS, Inc., Chevron or Packard Pipe Terminal, LLC to provide medical assistance for him.

13. On March 28, 2015, plaintiff was compelled to work in pain masquerading as light duties, but performed the same job duties prior to his injures for over a month.

14. Plaintiff was referred to West Jefferson Hospital for medical care and treatment, but OFS, Inc. failed to approval medical services and pay fees.

15. Plaintiff, under the circumstances, worked in pain as insisted by his employer and supervisor for fear of termination of his employment.

16. On April 29, 2015, OFS, Inc. filed an incident report and solicited Eric Cheffen to sign the report which included choice of physician after being examined and treated by OFS, Inc. medical doctor on April 10, 2015, conducted an MRI.

17. The impression from the MRI revealed focal cartilage defect over the medial femoral condyle associated with bony edema, a grade I tear of the MCL and moderate effusion with associated popliteal cyst.

18. Plaintiff avers that, OFS, Inc. recommended medical physician referred / sent him to Dr. Wesley Clark for further examination and treatment on April 20, 2015.

19. On April 22, 2015, a representative of OFS, Inc. signed a Notice to injured workers form, had Eric Cheffen sign the form on April 23, 2015 and authorized Dr. Clark to perform surgery prior to filing of Employer Report of Injury/Illness form.

20. Plaintiff contends that, his employer and joint-venture entities insensitivity and failure of recognition of his injuries and limitations and restrictions inured to their benefit simultaneously causing damages to him.

21. Dr. Clark scheduled plaintiff for outpatient physical therapy rehabilitation sessions at Jefferson Orthropedic Clinic, but failed to prescribe medication for pain.

22. Plaintiff consumed over the counter pain medications because Dr. Clark refused to provide a prescription for pain.

23. Dr. Clark misdiagnosed plaintiff's postoperative medical conditions, and issued a recommendation to return to work in a sedentary position or light duties solicited by his employer exacerbating his knee injuries.

24. Dr. Clark discontinued providing medical care and treatment to plaintiff.

25. OFS, Inc. management implemented a Louisiana Workers' Compensation claim on behalf of their employee Eric V. Cheffen because of arbitrary and capricious operation of its supervisor and safety inspector's failure to monitor and evaluate unsafe working conditions in the workplace which caused his injury.

26. Plaintiff contends that, his employer staff conspired and concocted a scheme with Packard Pipe Terminal and Chevron superintendent, foreman, inspectors, and supervisors to adversely affect his right to receive adequate compensation for injuries he sustained in the course and scope of performing his job duties at Packard Pipe Terminal freight yard due to negligence by covering up the work condition that caused his injury.

27. Management and staff of OFS, Inc., Chevron Oil Company and Packard Pipe Terminal, LLC knew of the unsafe working conditions, but insisted the work production continued without interruption.

28. Defendant entities and their employees elected to concealed information reported to them by Eric Cheffen regarding unsafe condition in the workplace, and assigned culpability to plaintiff.

29. Travelers Casualty and Surety Company in its administrative capacity for OFS, Inc. assigned claims manager Michelle Broome to handle plaintiff's workers' compensation claim.

30. Michelle Falgout and Michelle Broome on behalf of OFS, Inc. and Travelers Casualty and Surety Company interjected themselves by filing fraudulently false Louisiana Workers' Compensation claim, and forcing labor activity while concealing violation of OSHA regulations in the workplace.

31. Plaintiff contends that, OFS, Inc. and Travelers management and representative agreed to terminate his indemnity benefits in an attempt to force modification employment in which he was disqualified by education and experience.

32. Plaintiff retrogressed socially and economically as a result of Michelle Falgout and Michelle Broome contemplation, deliberation and implementation to discontinue his weekly compensation benefits for a period in excess of eight months.

33. Plaintiff contends that, implementation of workers' compensation while concealing or failing to disclose medical records and reports regarding his injury one week before trial on the matter were intentional commission and omission.

34. Plaintiff contends that, all defendants acted in concert to deprive and deny his constitutional right of due process of information relative to his personal injury in their possession, custody and control.

35. Plaintiff sought continuing treatment with Dr. F. Allen Johnston subsequent discontinuation by Dr. Clark refusal to medicate or medically treat him.

36. Plaintiff avers that, Dr. Johnston diagnosis revealed the necessity for a second surgery which Dr. Clark and defendants knew or should have known, but refused to acknowledge and take proper action.

37. Plaintiff contends that, OFS, Inc. abuse its right in its implementation of workers' compensation as a tool to prevent liability for itself and joint-venturing entities of contravention of federal and state statutory laws.

38. Plaintiff contends that, OFS, Inc. in its employment practices discriminated against him on the basis of his race.

39. Plaintiff contends that, OFS, Inc. in its employment practices discriminated against him on the basis of his disability.

40. Plaintiff contends that, his employer employment practices and tactics constitute harassment to minimize liability.

41. Plaintiff contends that, all defendants interjected themselves to support the illicit practices of OFS, Inc. and Travelers Casualty and Surety Company.

42. Plaintiff contends that, he was deprived and denied his civil right to enforce action against the entity defendants and their employees and representatives for personal injuries because of their collusion and concerted acts / omissions.

43. Plaintiff contends that, defendants' fraudulent misrepresentation of his injuries and fraudulent concealment of his medical records and reports for over a 1and ½ years was an intentional conspiratorial act on the because of his race.

44. Plaintiff avers that, he was treated different because of his race.

45. Plaintiff contends that, OFS, Inc. and Travelers Casualty and Surety Company's commissions and omissions were intentionally designated causing him emotional distress.

46. Plaintiff contends that, white employees injured in the course and scope of their employment with OFS, Inc. were treated with dignity and respect, but deployed misconduct towards him to evade or circumvent justice.

47. Plaintiff contends that, his employer contracted an independent medical examiner to issue an opinion conceivably favorable to their disposition regarding his functioning capacity, but the determination supported limitations and restrictions of his disability.

48. Plaintiff avers that, he has suffered physical damages to his body.

49. Plaintiff avers that, he has suffered and continue to suffer retrospective and prospective financial damages as a result of defendants commissions and omissions.

50. Plaintiff avers that, he has suffered and is suffering emotional damages as a result of defendants commissions and omissions.

51. Plaintiff contends that, defendants OFS, Inc., Chevron Oil Company and Packard Pipe Terminal, LLC failure to investigate and expose / report the status of the working conditions on the job are liable to him for injuries suffered.

52. Plaintiff contends that, all defendant entities are vicariously liable for the acts / omissions of their employees, representatives, agents and staff for injuries he sustained subject in this lawsuit.

53. Plaintiff contends that, OFS, Inc. and Travelers Casualty and Surety Company were operating under color of law in the Louisiana Workers' Compensation claim when he was deprived and denied his right to suit his employer and their joint-venture associates.

54. Plaintiff contends that, defendants Chevron Oil Company and Packard Pipe Terminal, LLC acts of silence of OFS, Inc. actions is fraudulent in effort to act with complicity to violate his rights.

55. Plaintiff respectfully requests intervention of the court to redress his grievances.

## VI.

## DEMAND FOR JURY TRIAL

Plaintiff demand trial by jury for all issues so triable.

## VII.

## PRAYER FOR RELIEF

1. The court recognizes its jurisdiction over this action.

2. Schedule an expedited evidentiary hearing of the claims asserted in the complaint.

3. Grant expedited discovery pursuant to Fed. R. Civ. Proc. Rule 26 to develop the facts of this action.

4. Adjudicate defendants in violation of claims asserted in the nature of this action.

5. Award plaintiff compensatory damages.

6. Award plaintiff putative damages.

7. Award all cost and expense incurred in litigation of this lawsuit.

8. Award plaintiff attorney fees.

9. Award all general and equitable relief proper in the premise of this case.

10. Issue judgment against all defendant parties establishing liability jointly and severally.

Respectfully Submitted

By: _____
Eric V. Cheffen / In Proper Person
3030 Edith Weston Place
New Orleans, Louisiana 70126
(504) 564-8092

**Please Serve:**

Please issue summon and complaint on all defendants.